<center><i>Stephen Gould</i> ads. <i>Ambrose Spencer.</i></center>
<center><i>The Same</i> ads. <i>Thomas Tillotson.</i></center>
<center><i>Mathias Ward</i> ads. <i>Ambrose Spencer.</i></center>
<center><i>The Same</i> ads. <i>Thomas Tillotson.</i></center>

IN these actions, which were for libellous publi-
cations on the plaintiffs, in a paper entituled " <i>The</i>
" <i>Corrector</i>," judgments had been entered on default,
and writs of inquiry executed.

<i>James S. Smith</i> moved to set aside the defaults,
and inquisition of damages on an affidavit made by
himself, stating, that by the writs sued out in these
causes, <i>Woodworth and Osborn</i> appear to have been
the attornies on record for the plaintiffs,[*] but that
the declarations were indorsed with the name of <i>Os-</i>
<i>born</i> only. That the rules also, which had been en-
tered in these causes were signed with the name of
<i>Osborn</i> only, and this without any order of court
obtained for that purpose ; and that the interlocutory
judgments had been entered only four days before
execution of the writs of inquiry.

<div style="float:right; width:30%; font-size:small">
[*] A party cannot plead in the name of a firm. Per Ld. <i>El-lenborough,</i> in <i>Bunn</i> v. <i>Guy,</i> 4 <i>East,</i> 195.
</div>

<i>Woodworth,</i> Attorney-General, contra.

<i>Per Curiam.</i> If the proceedings were not correct
by being in the name of one attorney only, yet the

defendants show no excuse for not applying at an earlier day of this term. This is fatal to their motion. Besides, it is sufficient if one of the attornies appearing on the writ, continue to indorse and sign the proceedings. It must be presumed, the defendants were not misled, but knew they were the parties meant by the original suit. As to the second objection, there is no force in it. The settled practice is to allow of notice of inquiry being given at any time after default, and it is enough if the interlocutory judgment be entered at any day before execution of the writ of inquiry.

LIVINGSTON, J. I concur in the decision of the court on the question in this case. But I do not say, if two persons be attornies on the writ, one may go on with the proceedings in his name singly. Were one to die, then the right to carry on the suit would survive. On the points now before us, I consider the appointment of Mr. *Woodworth* to the place of Attorney-General, as a species of civil death. Therefore, on the present occasion I agree with the opinions of my brethren. The defendants can take nothing by their motion.