Cuddeback
v.
Fanely.

## A. SMITH *vs.* I. W. SMITH.

Motion for judgment *non obstante veredicto*, must be on the record, and not on affidavit.

---

## CUDDEBACK *vs.* FANELY, impleaded with VIRGIL.

Where there are two defendants, one suffering a default and the other pleading, a rule for interlocutory judgment must be entered previous to the notice of trial.

MOTION to set aside inquest. The capias in this cause was served on both defendants, returnable at the last February term. Fanely appeared and pleaded ; Virgil suffered a default, which was entered on the 13th day of April. Notice of trial was served on the attorney of Fanely on the 24th April, for the Cayuga circuit, to be held on the 22d June. On the 27th April, notice of assessment of damages, directed to Virgil, was affixed in the clerk's office. An inquest was taken at the circuit, Fanely not appearing, which was now moved to be set aside for irregularity, on the ground that a

rule for interlocutory judgment had not been entered against Virgil at the May term ; on which irregularity the defendant Fanely reposed himself, and omitted to apply to put off the trial at the circuit, which he otherwise would have done.

UTICA,<br>August, 1829.<br><br>Duncan<br>v.<br>Sun Fire Ins.<br>Company.

*Kellogg & Sandford,* for the defendant.

*F. G. Jewett,* for plaintiff.

*By the Court,* SUTHERLAND, J.   Notwithstanding that the default of Virgil was duly entered, and that the plaintiff was entitled to his rule for interlocutory judgment against him, in season to have subsequently noticed the cause for trial and assessment of damages, and that he did not expedite his cause by noticing it for trial previous to entering a rule for interlocutory judgment, his proceedings, strictly and technically, have been irregular, and the defendant Fanely having reposed himself upon such irregularity, instead of putting off the trial of the cause, is entitled to have his motion prevail.  The inquest is therefore set aside, with costs.