ALBANY,
Nov. 1830.

Bank of Rochester
v.
Boulton.

---

### Bank of Rochester *vs.* Boulton and others.

In an action against three defendants, two of whom plead and the third suffers a default, the plaintiff *may notice his cause for trial before entering interlocutory judgment* against the defendant making default, and may take an inquest at the circuit, provided that before doing so, interlocutory judgment is entered against such defendant.

Nov. 18th.

MOTION to set aside inquest. The action was commenced 28th August. There were three defendants, two of whom appeared and put in a plea; the third suffered a default. About the 20th September, the plaintiffs gave notice of trial to the defendants who had pleaded, for the Livingston circuit to be held on the *fourth* Monday (25th) of October last, and on the second day of the circuit took an inquest; which was now moved to be set aside as irregularly taken. It was shewn, on the part of the plaintiffs, that interlocutory judgment was entered against the defendant who suffered a default previous to the taking of the inquest.

*M. T. Reynolds,* for defendants,

*J. Harris,* for plaintiffs,

*By the Court,* SAVAGE, Ch. J. The proceedings of the plaintiffs have been regular. Had the inquest been taken previous to entering interlocutory judgment against the defendant who did not appear, it would have been otherwise. It

ALBANY,
Nov. 1830.

has always been held the correct practice to give notice of inquiry on assessment after default, though previous to interlocutory judgment. 2 *Caines,* 109. In the case of *Cuddeback* v. *Fanley,* 2 *Wendell,* 624, the inquest was set aside because *interlocutory judgment* had not been entered against the defendant who had not appeared, previous to *the taking of the inquest,* and not because such judgment was not entered previous to the *notice of trial,* as is very manifest from the report of that case, although in the marginal note it is incorrectly stated otherwise. The motion is therefore denied.